UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RHODORA COLOMBINI**

7202 W HWY 52
Emmett ID 83617

       Plaintiff,  **Civ. No.** _____

v.

**DEPARTMENT OF THE AIR FORCE,
TROY E. MEINK**

1670 Air Force Pentagon,
Washington, DC 20330-1670

       Defendant.

**COMPLAINT**

COMES NOW Plaintiff Rhodora Colombini (Colombini), by and through counsel, and for her Complaint does state:

**NATURE OF THE ACTION**

1. Colombini seeks judicial review of the September 10, 2024, Air Force Board for Correction of Military Records ("AFBCMR") Decision, which denied Colombini's request for reconsideration of her military records correction on the grounds that the evidence in her application for records correction did not prove material error or injustice.

2. Colombini now challenges the September 10, 2024, AFBCMR decision pursuant to the Administrative Procedures Act ("APA") on the grounds that the decision is arbitrary, capricious, unsupported by substantial evidence, and contrary to law.

**JURISDICTION AND VENUE**

3. This Court possess jurisdiction to review a final decision by a military record correction board pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act, 5 U.S.C. § 706.

4. Proper venue is laid in this Court pursuant to 28 U.S.C. § 1391(e)(1), as the Secretary of the Air Force is located in Washington, DC.

5. This action is timely as it is brought within six years of the September 10, 2024, decision pursuant to 28 U.S.C. § 2401(a).

**PARTIES**

6. Colombini served in the United States Air Force from June 26, 1990, to April 3, 2019. Colombini was discharged under "Honorable" conditions, at the rank of MSG and pay grade of E7.

7. Defendants are the United States Department of the Air Force and Tony E. Meink, Secretary of the Department of the Air Force, named in his official capacity.

**FACTUAL ALLEGATIONS**

8. Colombini served in the United States Air Force from June 26, 1990, to April 3, 2019.

9. Colombini was on active duty from June 26, 1990 - June 3, 1996; February 26, 2007 - March 5, 2007; November 16, 2013 - July 28, 2014 and was honorably discharged after each time. She was deployed to Kuwait from November 2013 - July 2014.

10. Pre-deployment health screening indicated Colombini was in good health and had no chronic issues. Colombini had no concerns about her physical or mental health when she entered the service and was fit for duty.

11. A key aspect of Colombini's role during her deployment in Kuwait from November 16, 2013 - July 28, 2014, was driving in a high-stress environment as she drove to and from the airport to pick up soldiers. Colombini described the constant driving as making her feel constantly tense, on high alert, and anxious.

12. During deployment, Colombini STRs noted her complaints of feeling detached, having difficulty tolerating others, difficulty sleeping, and having nightmares.

13. Upon returning from deployment, Colombini underwent a Post-Deployment Health Assessment ("PDHA") and a Post-Deployment Health Reassessment ("PDHRA"). The PDHA determined Colombini required a mental health referral because she exhibited symptoms consistent with Post Traumatic Stress Disorder ("PTSD") and Generalized Anxiety Disorder ("GAD").

14. Colombini was released from active duty on July 28, 2014.

15. By September 2014, Colombini was reporting to the military that she was significantly stressed by her job and had been struggling with feeling anxious.

16. In December 2015, Colombini was determined to be non-deployable while working through mental health concerns.

17. On March 15, 2017, Colombini was found temporarily medically disqualified for continued worldwide duty due to her ulcerative colitis ("UC").

18. On July 20, 2017, Colombini was diagnosed with GAD as she received a GAD score of 20 (a score over 15 is clinically significant). Colombini did not initially seek treatment for the GAD because her priority was to seek treatment for the UC. In July 2018, Colombini was again diagnosed with GAD when she sought treatment.

19. A DBQ completed on September 6, 2018, found Colombini's GAD was more likely than not incurred in or caused by her experience in military service.

20. Colombini initially received service connection for the GAD in December 2018 at 30%, effective February 2017. In July 2019, the rating increased to 70% effective May 2019. In December 2019, Colombini was rated 100% for the GAD, effective August 28, 2019.[1]

21. During the I-RILO process[2], Colombini was never provided a PEBLO. As a result, Colombini had insufficient assistance in obtaining the necessary records to turnover.

22. The I-RILO was conducted on March 23, 2018. The results, along with a Member Utilization Questionnaire ("MUQ") led Colombini's case to be forwarded to the Informal Physical Evaluation Board ("IPEB").

23. An IPEB was completed on March 12, 2019. The IPEB found the UC was disqualifying but that "the GAD may also be unfitting for service, but was not forwarded by ARPC/DPTTS as a potentially disqualifying condition."

24. On April 3, 2019, Colombini was assigned to the Retired Reserve.

25. On October 4, 2022, Colombini filed form DD149. She asked the AFBCMR to reconsider the status of her discharge. Colombini requested an upgrade to a military medical disability retirement, as it was clear at the time of her retirement that the GAD was both a disqualifying medical condition and was service connected.

26. On July 18, 2023, the Air Force Reserve Command gave an advisory opinion to the AFBCMR. The Command advised there is no evidence of an error or injustice since Colombini declined a Formal Physical Evaluation Board ("FPEB") hearing for her case.

---

[1] Disability ratings in accordance with the Veterans Affairs Schedule for Rating Disabilities ("VASRD") provided by the Department of Veterans Affairs.
[2] The Initial Review In Lieu Of ("I-RILO") process is used by the Disability Evaluation System ("DES") to assess whether a condition warrants a Medical Evaluation Board ("MEB").

27. Colombini submitted a rebuttal to the Command's advisory opinion. Her mental health impacted her ability to fully comprehend the IPEB findings and request a FPEB. The AFBCMR serves as a board of equity and provides the correction of records where there is an injustice. The Board must give liberal consideration to Colombini's GAD diagnosis when considering her denial of a FPEB as evidence. The GAD making her unfit for duty at the time contributed to the denial rather than a true acceptance of the IPEB findings.

28. On September 10, 2024, the AFBCMR denied Colombini's request for records corrections, finding insufficient evidence of an error or injustice.

**CLAIM FOR RELIEF**

29. Colombini re-alleges and incorporates by references the allegations contained in paragraphs 1 through 28 above, as fully set forth herein.

30. The AFBCMR's September 10, 2024, decision denying Colombini further consideration of her claim was arbitrary, capricious, unsupported by substantial evidence, and contrary to law. In light of the evidence submitted and Colombini's known experiences during service, the AFBCMR should have fully developed Colombini's claim for disability resulting from GAD and should review the status of her discharge per *Haselwander v. McHugh*, 774 F.3d 990, 996 (Ct. App. D.C. Cir. 2014).

31. Given the evidence of Colombini's physical and mental disorders present before, during, and after her deployment, Colombini should have been sent to a military medical examination board (for conditions including her GAD) prior to her discharge.

32. The AFBCMR arbitrarily and capriciously failed to execute its duties under 10 USC 1552(a)(3)(C) as explained under our Superior Court's case in *Haselwander* to examine this matter in equitable fashion.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Colombini, through Counsel, prays this Court to enter judgment in favor of Colombini as follows:

33. Holding the September 10, 2024, action of the AFBCMR's decision was arbitrary and capricious.

34. Holding the Board's decision not to correct the Plaintiff's discharge—where no prior medical examination board process was provided—should be held unlawful or improper. (Setting aside the discharge is warranted to ensure compliance with procedural requirements and to provide the Plaintiff with the opportunity for a fair medical evaluation, as required by military regulations and due process principles.)

35. Holding a military medical examination board for Plaintiff.

36. In the alternative, finding Plaintiff medically retired at a rating in correlation to the Department of Veterans Affairs disability findings of Plaintiff.

37. Granting such other relief as the Court deems just and proper.

Respectfully submitted,
/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
Counsel for Ms. Colombini
700 12th Street NW, Ste. 700
Washington, DC 20005
Off: (202) 556-6371
Fax: (202) 403-3430
michael@eisenberg-lawoffice.com
DC Bar # 486251