**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RHODORA COLOMBINI**, <br><br> Plaintiff, <br><br> v. <br><br> **TROY E. MEINK**, **Secretary of the Air Force**, *et. al.*, <br><br> Defendants. | Case No. 25-cv-2517 (CRC) |

**<u>OPINION AND ORDER</u>**

Air Force veteran Rhodora Colombini sues the Department of the Air Force and Air Force Secretary Troy Meink ("Defendants") under the Administrative Procedure Act. She claims that the Air Force Board for Correction of Military Records ("AFBCMR" or "the Board") acted arbitrarily and capriciously when it denied her request for reconsideration of whether she should have been deemed discharged from the Air Force due to medical disability.

Before the Court are Colombini's motion for default judgment and Defendants' motion to dismiss, or in the alternative, to transfer for improper venue. Because Defendants have appeared, the Court will deny Colombini's motion for default judgment. And because venue is not proper in the District of Columbia, but is proper in the District of Maryland, the Court will deny Defendants' motion to dismiss. It will instead grant Defendants' motion for transfer, but transfer the case to the District of Maryland rather than the Eastern District of Virginia as Defendants urge. It will also grant Defendants' request for a thirty-day extension to answer the complaint from the day the case is docketed in the District of Maryland.

## I.    Background

Ms. Colombini joined the United States Air Force in 1990.  Compl. ¶ 6.  In 2014, after she was honorably discharged from active duty and joined the reserves, she claims that she reported to the military that she was experiencing stress and anxiety.  Id. ¶¶ 14–15.  Over the next several years, she was deemed temporarily unavailable for duty due to ulcerative colitis and was diagnosed with generalized anxiety disorder.  Id.  ¶¶ 17–20.

Colombini was assigned to the Retired Reserve in April 2019.  Id. ¶ 24.  Three years later, in 2022, Colombini requested that AFBCMR change the status of her discharge to military medical disability retirement.  Id. ¶ 25.  The Air Force Reserve Command advised the Board that no change was warranted, finding no evidence of error or injustice in her case.  Id. ¶ 26.  Colombini submitted a rebuttal, but AFBCMR denied her request for a records correction.  Id. ¶¶ 27–28.

Colombini brought this suit in August 2025, alleging that the Board's denial of her correction request was arbitrary and capricious under the Administrative Procedure Act.  After last year's lapse in appropriations delayed the government's response, Colombini moved for entry of default and default judgment.  Two days later, Defendants opposed the motion for default judgment and moved to dismiss, or in the alternative, to transfer the case due to improper venue.  Colombini opposes the motion to dismiss or transfer, and in her reply in support of the default motion, urges the Court to strike the government's motion as untimely.

## II.    Analysis

### A.  Motion for Entry of Default and Default Judgment

The Court will first address Colombini's motion for entry of default and default judgment.  "Default judgment is appropriate when the defendant is an essentially unresponsive

party whose default is plainly willful, reflected by its failure to respond to the summons or complaint, the entry of default, or the motion for default judgment." Reyes v. Kimuell, 270 F. Supp. 3d 30, 33 (D.D.C. 2017) (cleaned up). The parties dispute whether the government timely filed its motion to dismiss. See Pl.'s Mot. for Default at 2 (arguing the government's answer to the complaint was due December 16, 2025); Defs.' Reply at 1–2 (calculating the due date as December 19, 2025). The Court need not resolve the dispute because, either way, the government has appeared to defend the case and Colombini has therefore not satisfied the rigorous standard for granting a default judgment.

In her reply to Defendants' opposition, Colombini argues that Defendants' motion to dismiss or transfer should be struck as untimely. Again, the government contests that its motion was not late. Regardless, Colombini has made no formal motion to strike, and striking is a disfavored remedy in any case. See e.g., Canady v. Erbe Elektromedizin GmbH, 307 F. Supp. 2d 2, 7 (D.D.C. 2004) (collecting cases). And given that any delay in filing the motion was minor and occurred against the backdrop of a lengthy lapse in government appropriations, the Court declines to strike Defendants' motion.

B. Motion to Dismiss or, in the Alternative, Transfer

The Court now turns to Defendants' motion to dismiss or transfer for improper venue. The Court agrees with Defendants that venue is not proper in this district, but rather than dismiss for improper venue, it will transfer the case to the District of Maryland where venue is proper.

Venue for a civil action against an officer or agency of the United States is proper in a "judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, . . . or (C) the plaintiff resides if no real property is involved[.]" 28 U.S.C. § 1391(e)(1).

3

If venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court."  Gage v. Somerset Cnty., 322 F. Supp. 3d 53, 56 (D.D.C. 2018).  "The standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it."  National Wildlife Fed'n v. Browner, 237 F.3d 670, 674 (D.C. Cir. 2001).

In this case, venue is not proper in the District of Columbia.  To begin, Colombini does not reside here; she resides in Idaho.  See Compl. (caption).  Second, the complaint does not indicate that any events occurred here, and no relevant officials reside here.  As Defendants note, the Secretary of the Air Force resides in Virginia.  Defs.' Reply at 3; see e.g., Hoffler v. Kendall, No. 22-cv-2744 (JDB), 2023 WL 172204, at *1 (D.D.C. Jan. 12, 2023) ("The District of Columbia is an improper venue for this action. The Secretary resides in Arlington, Virginia."); Nader v. Sec'y of Air Force, 648 F. Supp. 3d 64, 68 (D.D.C. 2022) ("The Secretary of the Air Force's residence is . . . the residence of the Air Force itself.  And the Air Force resides at the Pentagon, which is located in Arlington, Virginia, not the District of Columbia.").  Finally, as Colombini points out, the Board is based in Maryland.[1]  Based on Colombini's complaint, which generally focuses on decisions of the Department and the Board, the decision-making process likewise appears to have occurred in those two districts.

Colombini's arguments to the contrary are unavailing.  Absent a showing that a decision was made here in the District, it is not enough that the Secretary of the Air Force has an office in Washington, D.C., given that the agency's headquarters are elsewhere.  See ECF No. 12-2, Pl.'s

---

[1] Although Defendants argue that Colombini fails to allege that Maryland is a proper venue for this case, see Defs.' Reply at 6, "geographic location is a matter of which the courts may take judicial notice."  Adams v. Middlebrooks, 640 F. App'x 1, 4 (D.C. Cir. 2016).

Amended Opp'n at 14; Carter v. Wilson, No. 1:17-cv-2143 (CKK), 2019 WL 13242563, at *3 (D.D.C. Mar. 25, 2019) ("Plaintiff's allegations concerning the activities of the Secretary of the Air Force fail to show that Defendant performs a significant amount of her official duties in the District of Columbia.").  Further, it is irrelevant that the Department of Justice, which is litigating the case, is based here, see Pl.'s Amended Opp'n at 14–15, as the case concerns actions by the Air Force, not the Justice Department.  Finally, Colombini's citations to cases concerning decisions of the Board that have previously been litigated in this District is beside the point.  Id. at 15–16.  Defendants have argued there is improper venue in this case, which they are permitted to do and which the Court has an obligation to consider based on the facts before it.

The Court will opt to transfer this case instead of dismissing it, however.  "The interest[s] of justice generally require[] transferring a case to the appropriate judicial district in lieu of dismissal[.]"  Abraham v. Burwell, 110 F. Supp. 3d 25, 30 (D.D.C. 2015).  Dismissal is warranted "when the outcome is foreordained," Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997), or if the complaint displays obvious "substantive problems," Buchanan v. Manley, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998).  See also Fam v. Bank of Am. NA (USA), 236 F. Supp. 3d 397, 409–10 (D.D.C. 2017) (collecting cases).  The outcome of this case is not foreordained, and the complaint displays no obvious substantive deficiencies.  The Court will therefore employ the "standard remedy" for improper venue and transfer the case.  Nat'l Wildlife Fed'n, 237 F.3d at 674.

The parties disagree over where to transfer the case.  "Courts may transfer a case to any jurisdiction which would have personal jurisdiction over the defendants and in which venue is proper."  Fam, 236 F. Supp. 3d at 410.  Defendants urge the Court to send the case to the Eastern District of Virginia, where the Secretary resides.  See Defs.' Mot. to Dismiss at 4.  Colombini

requests transfer to the District of Maryland, where the Board is based. See Pl.'s Amended Opp'n at 18. Venue would be proper in either, as events occurred in both, see supra, and personal jurisdiction over Defendants lies in both.

The Court will give the tie to Colombini and transfer the case to the District of Maryland. Plaintiffs' preferences are generally given deference in considering venue. See e.g., Sierra Club v. Flowers, 276 F. Supp. 2d 62, 67 (D.D.C. 2003) ("[C]ourts generally must afford substantial deference to a plaintiff's choice of forum."). And Defendants will not be disadvantaged by transfer to the District of Maryland, given that is where the Board, the ultimate decision maker in this case, is based. Cf. Nader, 648 F. Supp. 3d. at 70 (Air Force indicating a desire to hear an AFBCMR records case in District of Maryland); Hoffler, 2023 WL 172204, at *2 (same); Carter, 2019 WL 13242563, at *4 (same); see also Alabama v. Army Corps of Eng'rs, 304 F. Supp. 3d 56, 65–66 (D.D.C. 2018) ("In cases brought under the APA, courts generally focus on where the decisionmaking process occurred to determine where the claims arose." (citation and quotations omitted)).

Defendants further request an extension of thirty days from the case's docketing upon transfer, which the Court will grant.

## III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's [8] Motion for Entry of Default and Default Judgment is hereby DENIED. It is further

**ORDERED** that Defendants' [9] Motion to Dismiss is hereby DENIED. It is further

**ORDERED** that Defendants' [9] Motion to Transfer is hereby GRANTED in part. It is further

6

**ORDERED** that the case and complaint shall be transferred to the District of Maryland. It is further

**ORDERED** that Defendants' answer to the complaint shall be due within thirty days after the case is docketed in the District of Maryland.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge


Date: <u>April 20, 2026</u>

7